UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER JOSEPH EARLEY,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Acting Commissioner of Social Security,<br>Defendant. | Case No. 3:25-cv-01038<br><br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is "Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412" (Doc. No. 22, "Motion for Fees"). In support, Plaintiff filed an attorney affirmation (*Id.* at p. 1), a Consumer Price Index ("CPI") (Doc. No. 22-2), itemizations of time (Doc. Nos. 22-3, 22-4, and 22-5), an affirmation and waiver of direct payment of EAJA fees (Doc. No. 22-6), a memorandum in support of the Motion for Fees (Doc. No. 22-7), and a certificate of conference with Defendant (Doc. No. 22-8). Because the parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. No. 7), and for the reasons set forth below, Plaintiff's Motion for Fees (Doc. No. 22) is GRANTED IN PART.

Plaintiff's Motion for Fees claims entitlement to fees pursuant to the EAJA, which states that a court:

> "shall award to a prevailing party [] fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A).

Eligibility for such an award thus requires that: (1) the claimant be a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no "special circumstances make

an award unjust"; and (4) any fee application be submitted within 30 days of final judgment and supported by an itemized statement. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). As to the first and second factors, there is no dispute here that Plaintiff is the prevailing party or that the government's position was not substantially justified. Indeed, Defendant previously moved for remand for further proceedings (Doc. No. 17) and does not oppose the requested fee award (Doc. No. 22-8). There is also no evidence to suggest that special circumstances bar a fee award in this case. Finally, timeliness is not an issue because final judgment was entered on June 1, 2026 (Doc. No. 21) and no longer appealable as of July 31, 2026, and the instant motion was filed on August 21, 2026 (Doc. No. 22).[1]

Reasonableness of the requested fee must then also be evaluated. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (Plaintiff bears the burden of proving that the EAJA fees requested are in fact reasonable and, where appropriate, a court may reduce fees for unreasonable time, including where excessive, redundant, or otherwise unnecessary). As for the amount of attorney fees to be awarded to the prevailing party:

> The amount . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff in this case requests a fee award in the amount of $5,024.10, representing 22.20 total hours (including 16.5 attorney hours and 5.7 paralegal hours) and, accounting for the increase in cost of living as documented in the CPI, the following prevailing market hourly rates: $255.90

---

[1] An applicant has the benefit of the entire 60-day appeal period in F.R.A.P Rule 4(a)(1)(B), plus the 30-day period in § 2412(d)(1)(B), to file a timely EAJA application.

for 2025 attorney work, $262.23 for 2026 attorney work (Doc. Nos. 22-1 at p. 2 and 22-2). Plaintiff also requests $125.00 for all paralegal work (Doc. No. 22-2).

In reviewing the itemizations of time provided, 22.20 total hours is reasonable, particularly considering the outcome of the matter. *Stanley v. Comm'r of Soc. Sec*, No. 3:21-cv-0599, 2022 WL 4113680, at *2 (M.D. Tenn. Aug. 18, 2022) (citing *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013)) (collecting cases in the Sixth Circuit that find 15-25 hours to be within the general time frame expended in EAJA petitions).

As to requested rates, the Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). Cost of living adjustments that increase attorney fees above the $125.00 per hour statutory rate under § 2412(d)(2)(A) are left to the sound discretion of the district court and "should be carefully considered, rather than rubber stamped." *Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 1029 (E.D. Mich. 2018), *report and recommendation adopted*, 2018 WL 4922207 (E.D. Mich. Oct. 10, 2018) (citing *Begley*, 966 F.2d at 199).

The CPI is the best indicator for computing increases in the cost of living. *See Moore v. Comm'r of Soc. Sec.*, No. 3:21-cv-0035, 2022 WL 2057765, at *2 (M.D. Tenn. June 6, 2022). The CPI All Items Index average was 155.70 in March 1996, when the statutory cap of $125.00 was set, and $324.80 in September 2025, when the complaint was filed in this case (Doc. No. 1).[2] U.S.

[2] Notably, Plaintiff supplies the CPI table specific to this geographical area (South), as opposed to the national CPI table (Doc. No. 22-2). There is a split regarding which CPI table is most appropriate in the context of EAJA fees. 4 Soc. Sec. Law & Prac. § 49:104 ("The EAJA and its legislative history are silent as to the particular index to be used in measuring the increase in the cost of living for purposes of awarding EAJA fees at rates above the $125 statutory maximum"); *Moore*, 2022 WL 2057765, at *2 (accepting the average national urban CPI as the basis for a cost of living increase); *Lopez v. Comm'r of Soc. Sec., No. 3:08–cv–2148, 2010 WL 1957422, at *3 (N.D. Ohio May 14, 2010)* (same). Even if the Court were to use $152.40 in March

Department of Labor, Consumer Price Index, All Urban Consumers, http://data.bls.gov/cgi-bin/surveymost. The common ratio of change, then, is 2.09 (324.80 divided by 155.70 rounded to the nearest hundredth). Applying this cost-of-living increase to the $125.00 per hour statutory cap results in a current hourly rate of $261.25. Plaintiff requests fees at rate of $255.90 per hour in 2025 and $262.23 per hour in 2026, which the Court finds is higher than the allowable EAJA hourly rate. The Court concludes that under the facts of this case, an EAJA fee of $4,310.63 for attorney fees, based on multiplying the time spent of 16.5 hours by an hourly rate of $261.25, is appropriate.

Regarding requested rates for paralegal work, the Court looks to what other courts in this circuit have accepted as reasonable when adjusted for inflation. Plaintiff's requested paralegal rate of $125.00 is also higher than the general range of these types of cases. *See, e.g., Hill v. Comm'r of Soc. Sec.,* No. 1:24-cv-00043, 2024 WL 4779501, at *2-3 (M.D. Tenn. Nov. 13, 2024) (granting motion for attorney fees based on hourly rates of $249.32 for counsel and $100 for paralegal); *Clark v. O'Malley*, No. 1:23-cv-00084, 2024 WL 5701835, at *2-3 (M.D. Tenn. June 25, 2024) (same, but for lower rates of $246.25 for counsel and $75 for paralegal); *Mascunana v. Kijakazi*, No. 2:21-077-DCR, 2022 WL 3256780, at *2 (E.D. Ky. Aug. 10, 2022) (granting motion for attorney fees based on hourly rates of $214.29 for counsel and $100 for paralegal); *McPherson v. Kijakazi*, No. 3:21-036-DCR, 2022 WL 3269046, at *2 (E.D. Ky. Aug. 10, 2022) (same). The Court concludes that under the facts of this case, an EAJA fee of $570.00 for paralegal fees, based on multiplying the time spent of 5.7 hours by an hourly rate of $100.00, is appropriate. The Court

---

1996 and $314.35 in September 2025, resulting in a current hourly rate of $257.50, Plaintiff's 2025 and 2026 requested rates would still be higher than the allowable EAJA hourly rate.

thus finds that $4,880.63, based on adding $4,310.63 for attorney work and $570.00 for paralegal work, is a reasonable award for the total work performed.

Plaintiff also requests that payment of the approved EAJA fees be made directly to his attorney "[i]f Plaintiff has no debt registered with the Department of Treasury subject to offset" such fees (Doc. No. 22 at p. 2). *See Astrue v. Ratliff*, 560 U.S. 586, 594 (2010) (determining that EAJA fees are payable to litigants and thus subject to a federal administrative offset to satisfy any pre-existing debts). Redirection of EAJA fees from a litigant to an attorney, however, occurs only where the litigant (1) does not owe a debt to the United States government and (2) assigns the right to receive fees to his or her attorney. *Id*. at p. 597. Plaintiff has attached documentation of his waiver and assignment of EAJA fees to his counsel (Doc. No. 22-6), but it remains unclear whether Plaintiff also owes any outstanding federal debts. Plaintiff's request is thus denied in part, and payment shall be issued directly to him so that he may then fulfill any obligations to his counsel as appropriate. Should all parties agree that there is no pending federal debts, payment of the EAJA award may be made directly to Plaintiff's counsel as requested.

Accordingly, pursuant to 28 U.S.C. § 2412(d), the Motion for Fees is GRANTED IN PART (Doc. No. 22), and Plaintiff is AWARDED fees in the amount of $4,880.63 to be paid by the Social Security Administration.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge